**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Pilar PEREZ–LOPEZ,**
**Defendant–Appellant.**

No. 09–50170.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Nov. 18, 2009.

Michelle Montgomery Pettit, Esquire, Assistant U.S., U.S. Attorney CR, Esquire, Bruce R. Castetter, Assistant U.S., Steve Miller, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

James M. Chavez, Esquire, Trial, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Jose Pilar Perez–Lopez appeals from the nine-month sentence imposed following revocation of the supervised release term he was serving following a guilty-plea conviction to being a deported alien found in the United States. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Perez–Lopez contends the district court committed procedural error by: (1) relying on clearly erroneous facts; (2) imposing a sentence without providing an explanation sufficient to allow meaningful appellate review; and (3) failing to consider the revocation factors in 18 U.S.C. §§ 3583(e) and 3553(a). These contentions are belied by the record. *See United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc).

Perez–Lopez also contends the district court committed procedural error by failing to calculate the sentencing guidelines range and by ignoring the parsimony principle. Perez–Lopez has not demonstrated that any error affected his substantial rights. *See United States v. Dallman,* 533 F.3d 755, 761–62 (9th Cir.2008).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Finally, Perez–Lopez contends the supervised release revocation procedures set forth in 18 U.S.C. § 3583(e)(3) violate *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This contention is foreclosed by *United States v. Huerta–Pimental*, 445 F.3d 1220, 1224–25 (9th Cir.2006). We reject Perez–Lopez's contention that *Huerta–Pimental* is no longer good law in light of *Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007). *See United States v. Santana*, 526 F.3d 1257, 1262 (9th Cir.2008).

**AFFIRMED.**

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.